**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:15 CR 345 |
| | ) | |
| Plaintiff/Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Brian D. Abernathy, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant/Petitioner. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Vacate Under Section 2255 (Doc. 40). For the following reasons, the motion is DENIED.

### Facts

Defendant pleaded guilty to possession with intent to distribute heroin and possession with intent to distribute cocaine. Based on two prior drug trafficking convictions in state court under O.R.C. § 2925.03, defendant was found to be a career offender. Defendant was sentenced at the low end of the sentencing guideline range to 151 months. Following sentencing, entered on March 31, 2016, the parties filed a joint motion to modify the sentence

1

to run concurrent to defendant's two year state court sentence. The Court granted the motion on January 19, 2017 and modified the sentence accordingly. Defendant was thereby sentenced to a term of 151 months to served concurrent to his two year state court sentence. Defendant did not file a direct appeal.

The matter is now before the Court upon defendant's Motion to Vacate Under Section 2255.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant asserts three grounds for relief. For the following reasons, none warrants vacating the sentence.

In Ground One, defendant maintains that his prior drug offenses no longer qualify as

2

predicate controlled substance offenses under § 4B1.2(b) in light of *Mathis v. U.S.*, 136 S.Ct. 2243 (2016).

In *Mathis,* the Supreme Court held "that, for the purpose of determining whether an offense qualifies as a predicate under the Armed Career Criminal Act, the court takes a categorical approach, looking to the statutory elements of the offense rather [than] the particular means of commission." *United States v. Snow*, 2017 WL 1434307 (E.D. Mich. Apr. 24, 2017). *Mathis* did not raise any issue relating to drug offenses. "Rather, it sharpened the Supreme Court's analysis of what counts as a prior violent felony under the Armed Career Criminal Act (ACCA)." *United States v. Jones*, No. 1:06 CR 073, 2016 WL 6993399, at *1-2 (S.D. Ohio Nov. 30, 2016). Other courts in this district have rejected a petitioner's contention that his Ohio prior drug trafficking convictions under O.R.C. § 2925.03 no longer qualify as predicate offenses to support his designation as a career offender in light of *Mathis. Fry v. United States*, 2017 WL 714185 (N.D. Ohio Feb. 23, 2017), *Jones, supra.* ("Jones was not charged or sentenced under the ACCA, but under the Career Offender portion of the Sentencing Guidelines. The Guidelines' definition of a prior 'crime of violence' parallels the definition of 'violent felony' under the ACCA. U.S.S.G. § 4B1.2(a). However, its definition of 'controlled substance offense' is separate in § 4B1.2(b)... Determining whether a prior conviction for a controlled substance offense is a qualifying predicate offense under this Guideline does not require comparing the elements of the offense with any 'generic' controlled substance offense.") *See also Burrell v. United States,* 2017 WL 1295527 (E.D.Mich. March 2, 2017) ("*Mathis* has no application where an offender was not sentenced under the ACCA nor does it have any relevance where an enhancement under the sentencing

3

guidelines was based on prior controlled substance offenses because the enumerated and residual clauses defining violent felonies are entirely separate from the provisions dealing with controlled substance offenses.")

This Court agrees with the government that even if *Mathis* applied to the career offender designation, that case focuses only on the determination of violent felonies, not drug convictions, which tend to be less ambiguously worded than statutes prohibiting crimes of violence.

Ground One fails.

In Ground Two, defendant asserts that his prior conviction for failure to comply with the order or signal of a police officer is no longer considered a crime of violence in light of *Johnson v. U.S.*, 135 S.Ct. 2551 (2015). However, the Supreme Court recently held in *Beckles v. United States*, – U.S. –, 137 S. Ct. 886 (2017), that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. Defendant was classified as a career offender under U.S.S.G. § 4B1.1 based on his two prior drug trafficking convictions. Thus, *Johnson'*s vagueness holding does not apply to the Sentencing Guideline provision under which defendant was sentenced. *See also U.S. v. Patterson,* 853 F.3d 298 (6th Cir. 2017) (recognizing that *Beckles* held that "the advisory Guidelines are not subject to vagueness challenges.").

In Ground Three, defendant argues that his counsel was ineffective in allowing him to be sentenced on his state charges before the federal charges. To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v.*

*Washington*, 466 U.S. 668, 687–88, 694 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*, 669 F.3d 756 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985) ). Defendant fails to satisfy the *Strickland* standard. Defendant maintains that being sentenced in the state court first resulted in three additional criminal history points. And, had he been sentenced in the state court last, that court would have run its sentence concurrent to the federal sentence. The Court agrees with the government's explanation that defendant was not subjected to three additional criminal history points. (Doc. 43 at 9-10) Moreover, as discussed above, this Court modified the sentence so that the federal sentence would run concurrent to the state sentence.

Ground Three fails.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
Chief Judge  
Dated: 6/7/17    United States District Court